**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JESSIE CRAWFORD | : | |
| | : | |
| Appellant | : | No. 2143 EDA 2019 |

Appeal from the PCRA Order Entered June 28, 2019
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0005763-2017

BEFORE: SHOGAN, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY SHOGAN, J.: **FILED JUNE 10, 2020**

Appellant, Jessie Crawford, appeals from the denial of his first Post

Conviction Relief Act ("PCRA") petition. We affirm.

The PCRA court summarized the procedural history as follows:

> This is an appeal from the dismissal of [A]ppellant's post-conviction petition, which was treated as a petition under the Post Conviction Relief Act (hereinafter PCRA).[1] [A]ppellant's petition recounted his history of criminal convictions, and contended that his prior record score was not properly calculated, and he is entitled to be resentenced. However, his petition either misapprehends or ignores the terms of his plea agreement which required a negotiated sentence.
>
> [1] [A]ppellant filed an "Application for Relief Pursuant to: Pa.R.App.P. Rule 123" on February 7, 2019.
>
> [A]ppellant entered a nolo contendere plea to Firearms Not to be Carried Without a License[2] and Theft by Unlawful Taking.[3] [A]ppellant fired a gun into an unoccupied vehicle after

_____

[*] Retired Senior Judge assigned to the Superior Court.

confronting the vehicle's owner for blocking his lane of travel through an alley. He then stole the victim's wallet and keys from inside the vehicle. The victim, who retreated to her nearby residence prior to the shooting, was shaken, but not injured.

[2] 18 Pa.C.S. § 6106(a)(1).

[3] 18 Pa.C.S. § 3921(a).

On May 22, 2018, a hearing was held during which [A]ppellant entered the aforementioned nolo contendere plea[,] and he was immediately sentenced pursuant to a fixed plea agreement. [A]ppellant received a total sentence of not less than three and a half (3½) years nor more than eight (8) years in a state correctional institution. On June 5, 2018, amended sentencing orders were entered to specify the sentences of three (3) years to seven (7) years on the firearm charge, and a consecutive six (6) months to twelve (12) months on the theft charge. The sentences complied with the negotiated plea agreement. Thereafter, [A]ppellant filed a "Motion to Modify and Reduce Sentence," which was denied, and then filed an appeal to the Superior Court. On November 9, 2018, that appeal was discontinued.[4]

[4] Commonwealth v. Crawford, 1814 EDA 2018 (Pa. Super. November 9, 2018).

On February 7, 2019, the aforementioned "Application for Relief Pursuant to: Pa.R.App.P. Rule 123" . . . [("PCRA petition")] was filed with this [c]ourt. Although [A]ppellant cites to the Rule of Appellate Procedure, this [c]ourt treated it as a [timely] PCRA petition, and appointed counsel.

Counsel filed a "Motion to Withdraw as Counsel" with a _Finley_ letter[5] on May 8, 2019. Counsel found that [A]ppellant's sentences were within the statutory limits, his "prior record score" and "offense gravity score" were correctly calculated, and that his claims regarding the discretionary aspects of his sentence could not be asserted under the PCRA. See Commonwealth v. Fowler, 930 A.2d 586, 593 (Pa. Super. 2007). See also Commonwealth v. Johnson, 179 A.3d 1153 (Pa. Super. 2018) (Any misapplication of the Sentencing Guidelines, including "prior record score," constitutes a challenge to the discretionary aspects of sentence and is not cognizable under the PCRA.).

[5] Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988).

On May 13, 2019, this [c]ourt issued a notice of intention to dismiss under Pa.R.Crim.P. 907(1). [A]ppellant filed an objection to that notice to dismiss challenging PCRA counsel's compliance with the *Finley* requirements. The objection does not contest [A]ppellant's guilt, but the calculation of his prior record score. On June 28, 2019, upon consideration of all the materials submitted, including [A]ppellant's objection, [A]ppellant's [PCRA petition] was dismissed. Additionally, counsel's motion to withdraw was granted.

[A]ppellant filed a Notice of Appeal on July 25, 2019. On the same date, he was directed to comply with Pa.R.A.P. 1925(b) and file a Concise Statement of Matters Complained of on Appeal (hereinafter Statement). [A]ppellant filed a timely 1925(b) Statement, but altered his original claims by alleging ineffective assistance of counsel, and a post-sentence challenge to his guilty plea.

PCRA Court Opinion, 8/20/19, at 1–3.

As noted, Appellant's PCRA petition asserted that his prior record score was improperly calculated and he should be resentenced. On appeal, however, Appellant raises the following issues:

I. WAS THE PETITIONER'S CONSTITUTIONAL RIGHTS OF DUE PROCESS AND EQUAL PROTECTION OF THE LAW WERE VIOLATED WHEN THE PCRA COURT LIED ABOUT THE FACTS IN THIS CASE IN ITS AUGUST 25TH, 2019, ORDER/OPINION TO JUSTIFY THE PETITIONER'S UNLAWFUL SENTENCE?

II. WAS THE PETITIONER'S CONSTITUTIONAL RIGHTS OF DUE PROCESS AND EQUAL PROTECTION OF THE LAW WERE VIOLATED WHEN DEFENSE COUNSELS WERE INEFFECTIVE FOR FAILING/REFUSING TO INVESTIGATE AND CHALLENGE THE TRIAL COURT'S RELIANCE ON AN INACCURATE PRIOR RECORD AND GRAVITY SCORES AFTER THE PETITIONER ENTERED INTO A PLEA AGREEMENT WITH THE COMMONWEALTH?

III. WAS THE PETITIONER'S CONSTITUTIONAL RIGHTS OF DUE PROCESS AND EQUAL PROTECTION OF THE LAW WERE VIOLATED WHEN THE PETITIONER DID NOT KNOWINGLY, VOLUNTARILY, NOR INTELLIGENTLY ENTERED INTO A PLEA AGREEMENT WITH THE COMMONWEALTH AS A RESULT OF THE TRIAL COURT RELYING ON AN INACCURATE PRIOR RECORD AND GRAVITY SCORES?

Appellant's Brief at 4 (*verbatim*).

When reviewing the propriety of an order denying PCRA relief, this Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. ***Commonwealth v. Perez***, 103 A.3d 344 (Pa. Super. 2014). We grant great deference to the PCRA court's findings that are supported in the record, ***Commonwealth v. Rachak***, 62 A.3d 389 (Pa. Super. 2012), and will not disturb them unless they have no support in the certified record. ***Commonwealth v. Lippert***, 85 A.3d 1095, 1100 (Pa. Super. 2014).

In order to obtain collateral relief, a PCRA petitioner must establish by a preponderance of the evidence that his conviction or sentence resulted from one or more of the circumstances enumerated in 42 Pa.C.S. § 9543(a)(2). Appellant's first issue, that the PCRA court "lied about the facts in this case" in its Pa.R.A.P. 1925(a) opinion, is not cognizeable. Appellant's Brief at 7. The allegation of misrepresentation of the facts does not assert that Appellant's sentence resulted from any of the enumerated reasons and is thus, not a cognizeable claim. 42 Pa.C.S. § 9543(a)(2). Moreover, the trial court's description comports with the facts asserted at Appellant's *nolo contendere*

hearing. N.T., 5/22/18, at 7–8. Appellant, who obviously was present, could have corrected the facts as presented; instead, Appellant's counsel acquiesced in the facts as summarized. *Id.* at 22–23. Therefore, additionally, the claim would be waived if it could be found cognizable.

Appellant's second issue asserts plea counsel's ineffectiveness for "failing/refusing to investigate and challenge the trial court's reliance on an [sic] inaccurate prior record and gravity scores after [Appellant] entered into a plea agreement." Appellant's Brief at 9. This issue was not asserted in Appellant's PCRA petition and therefore, is waived. ***Commonwealth v. Santiago***, 855 A.2d 682, 691 (Pa. 2004) ("[A] claim not raised in a PCRA petition cannot be raised for the first time on appeal."). As our Supreme Court has explained: "Any claim not raised in the PCRA petition is waived and not cognizable on appeal." ***Commonwealth v. Washington***, 927 A.2d 586, 601 (Pa. 2007); ***see also*** Pa.R.A.P. Rule 302 (stating "issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Accordingly, because Appellant did not raise this issue in his PCRA petition, we cannot consider it on appeal. ***See Commonwealth v. Lauro***, 819 A.2d 100, 103 (Pa. Super. 2003) ("issues not raised in a PCRA petition cannot be considered on appeal.").

To the extent it could be asserted that Appellant raised an ineffective-assistance-of-counsel claim in his June 4, 2019 response to the PCRA court's

May 13, 2019 order of intent to dismiss pursuant to Pa.R.Crim.P. 907, such action does not preserve the issue. As this Court has explained:

> The purpose behind a Rule 907 pre-dismissal notice is to allow a petitioner an opportunity to seek leave to amend his petition and correct any material defects, the ultimate goal being to permit merits review by the PCRA court of potentially arguable claims. The response is an opportunity for a petitioner and/or his counsel to object to the dismissal and alert the PCRA court of a perceived error, permitting the court to "discern the potential for amendment." The response is not itself a petition and the law still requires leave of court to submit an amended petition. Hence, we conclude that a response to a notice of intent to dismiss is not a second or subsequent petition.

*Commonwealth v. Rykard*, 55 A.3d 1177, 1189 (Pa. Super. 2012) (internal citations omitted). Appellant did not seek leave of court to file an amended petition, nor did he file an amended petition including this claim of ineffectiveness. Accordingly, Appellant's issue is waived as it was not raised in his PCRA petition or in an amended petition.

Appellant's third issue avers that he did not "knowingly, voluntarily, nor intelligently enter[] into a plea agreement." Appellant's Brief at 16. Once again, this issue is waived because Appellant did not raise it in his PCRA petition. *Washington*, 927 A.2d at 601; *Santiago*, 855 A.2d at 691.

Moreover, Appellant's claim is based upon the contention that his sentence involved an improper calculation of his prior record score, an allegation that he **did** include in his PCRA petition. PCRA petition, 2/7/19, at 3–4. We first note that Appellant erroneously asserted that his sentence is "unlawful." *Id.* at 4; Appellant's Brief at 17. Instead, his contention is a

challenge to the discretionary aspects of sentence. *Commonwealth v. Ramsey*, 214 A.3d 274, 279 (Pa. Super. 2019) (citing *Commonwealth v. Spenny*, 128 A.3d 234, 241 (Pa. Super. 2015)) (A claim that the lower court miscalculated a prior record score presents a challenge to the discretionary aspects of sentence.).

This Court has held that "[c]hallenges to the discretionary aspects of sentencing are not cognizable under the PCRA." *Commonwealth v. Fowler*, 930 A.2d 586, 593 (Pa. Super. 2007); *see also Commonwealth v. Wrecks*, 934 A.2d 1287, 1289 (Pa. Super. 2007) ("Requests for relief with respect to the discretionary aspects of sentence are not cognizable in PCRA proceedings.").

Furthermore, as the PCRA court determined, it is abundantly clear that Appellant is not entitled to relief. Appellant was sentenced pursuant to a negotiated plea agreement. It is axiomatic that "[o]ne who pleads guilty[1] and receives a negotiated sentence may not then seek discretionary review of that sentence." *Commonwealth v. O'Malley*, 957 A.2d 1265, 1267 (Pa. Super. 2008); *see also Commonwealth v. Reid*, 117 A.3d 777, 784 (Pa. Super. 2015) (holding challenges to discretionary aspects of a negotiated sentence are waived and unreviewable). Thus, even if Appellant had raised

---

[1] "[F]or purposes of a criminal case, a plea of *nolo contendere* is equivalent to a plea of guilty." *Commonwealth v. Norton*, 201 A.3d 112, 114 n.1 (Pa. 2019).

his discretionary-aspects claim in a timely post-sentence motion and pursued it on direct appeal, it would have been deemed waived.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 6/10/2020*